# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Kevin Wayne Anstead

    Debtor(s)

Lyle Hoffman and Mark Hoffman,
as Co-Administrators of the Estate
of Robert Hoffman

    Plaintiff(s)

    v.

Kevin Wayne Anstead

    Defendant(s)

**JUDGE RICHARD L. SPEER**

Case No. 10-3094

(Related Case: 09-38587)

## DECISION AND ORDER

    This cause comes before the Court on the Motion for Summary Judgment filed by the Plaintiffs, Lyle Hoffman and Mark Hoffman, as Co-Administrators of the Estate of Robert Hoffman. (Doc. No. 9). The Plaintiffs' Motion is brought in support of their Complaint to Determine the Dischargeability of a particular debt owed to them by the Defendant/Debtor, Kevin Wayne Anstead. (Doc. No. 1). The Defendant/Debtor filed a response to the Plaintiffs' Motion for Summary Judgment, objecting to the relief sought by the Plaintiffs. (Doc. No. 10). Regarding their respective positions on the matter, both of the Parties filed supporting written arguments and documentation. The Court has now had the opportunity to review the evidence and arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court finds, for the

reasons set forth in this Decision, that the Plaintiffs' Motion for Summary Judgment should be Denied.

## DISCUSSION

In this adversary proceeding, the Plaintiffs seeks to have their claim against the Debtor/Defendant held to be a nondischargeable debt. A proceeding brought to determine the dischargeability of a particular debt is deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1); § 1334.

The Plaintiffs' claim against the Debtor is liquidated and is for the sum of $11,845.50. The claim consists of two prepetition judgments entered in the Plaintiffs' favor against the Debtor in a probate court proceeding. The first judgment is for the sum of $7,499.00 and represents the value of property converted by the Debtor from the Hoffman Estate. The second judgment is for the sum of $4,346.50 and represents the probate court's award of sanctions against the Debtor for frivolous conduct.

As the statutory basis for their complaint to determine dischargeability, the Plaintiffs rely on three provisions of the Bankruptcy Code: (1) § 523(a)(2), excepting from discharge a debt arising from a false pretense, a false representation, or actual fraud; (2) § 523(a)(4), excepting from discharge a debt arising from fraud, embezzlement, larceny or defalcation while acting in a fiduciary capacity; and (3) § 523(a)(6), providing that a debt shown to have arisen from a willful and malicious injury is not subject to discharge. Together, these provisions codify a long-standing bankruptcy policy that any debt which is shown to have arisen from a dishonest or otherwise wrongful act committed by a debtor is not entitled to the benefits of a bankruptcy discharge. *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

Page 2

Lyle Hoffman, et al v. Kevin Wayne Anstead
Case No. 10-3094

With the exception of defalcation under § 523(a)(4), each of the statutory exceptions to dischargeability cited by the Plaintiffs have a commonality: scienter – that is, a specific intent to actually do the harm, whether it is an intent to defraud/deceive under § 523(a)(2), an intent to misappropriate another's property under § 523(a)(4); or the intentional injury to another's property under § 523(a)(6). *Automated Handling v. Knapik (In re Knapik)*, 322 B.R. 311, 316 (Bankr. N.D.Ohio 2004). It is this common element, whether the Plaintiffs' claim against the Debtor arose as the result of the Debtor's specific intent to cause harm, which gives to the gravamen of the dispute between the Parties. The Plaintiffs seek to have this issue adjudicated on their Motion for Summary Judgment.

The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056. It provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the moving party must demonstrate all the elements of the cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1348, 1356, 89 L.Ed.2d 538 (1986).

The purpose of a summary judgment motion is to avoid the need for a trial, and its attendant costs, where there exists no genuine issues of material fact in dispute. *Smith Wholesale Co., Inc., et al. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854 (6th Cir. 2007). Summary judgment is, therefore, never to be used merely to cut short a trial where factual issues should be explored. *Drexel Heritage Furnishings, Inc. v. U.S.*, 4 Cl.Ct. 162, 168 (Cl.Ct.1983). This usually makes summary judgment an

Page 3

Lyle Hoffman, et al v. Kevin Wayne Anstead
Case No. 10-3094

Lyle Hoffman, et al v. Kevin Wayne Anstead
Case No. 10-3094

inappropriate procedural device to adjudicate claims, such as those brought under § 523(a)(2), § 523(a)(4) and § 523(a)(6), where a litigant's state of mind has been placed in controversy. The reason: Determinations concerning a debtor's state of mind require a subjective assessment of the debtor's intentions which often can only be made by the trier-of-fact after it has had the opportunity to assess the credibility and the demeanor of witnesses who testify at trial during both direct and cross examination.

Notwithstanding, summary judgment may be appropriate where purely legal issues are involved. *Highland Mining Co. v. United Mine Workers of America*, Dist. 12, 105 Fed.Appx. 728, 730 (6th Cir.2004). This is the position of the Plaintiffs who maintain that a determination of the Debtor's specific intent to cause harm was a necessary component for both of the judgments rendered by the probate court, thereby estopping the Debtor from relitigating in this forum any issue regarding his state of mind. For this position, the Plaintiffs rely on the legal doctrine known as collateral estoppel.

The doctrine of collateral estoppel, also known as "issue preclusion," is a common-law doctrine. It serves to promote judicial economy by preventing the same parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649 (1979). Collateral estoppel principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent the re-litigation of issues already decided in another forum such as a state court. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

When applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, however, the Supreme Court of the United States has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); *see also Bay Area Factors, Inc. v.*

Page 4

*Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir.1997). Instead, bankruptcy courts, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, must give the same issue preclusion effect to a state court judgment as it would be given under that state's law. *Id.* In this matter, the judgments the Plaintiffs rely upon for the application of the collateral estoppel doctrine were entered by a probate court in the state of Ohio; consequently, the law in Ohio regarding collateral estoppel will be applied.

Under Ohio law, the party moving for the application of the doctrine of collateral estoppel needs to establish, among other matters, that the issue in the present suit is identical to the issue involved in the prior suit and that such an issue was actually and directly litigated in the prior suit. *Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415-16 (Bankr. N.D.Ohio 1998), *citing Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813-14, 623 N.E.2d 213 (1993). In a dischargeability action, these requirements can only be met by showing that the factual issues in the prior proceeding were determined "using standards identical to those in the dischargeability proceedings . . . ." *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir. 1981). According to the Plaintiffs, this requirement is met because, for each of the two judgments entered against the Debtor, the findings made by the probate court are sufficient to establish the scienter requirement of § 523(a)(2), § 523(a)(4) and § 523(a)(6).

After carefully reviewing each of the respective judgments entered against the Debtor, however, the Court cannot reach this same conclusion. For the first judgment entered against the Debtor, the Plaintiffs' position falters on what is missing from the judgment. Particularly, at no point in its decision did the probate court make any specific finding regarding the Debtor's state of mind.

Rather, the probate court only went so far as to find that the Debtor removed and then failed to return items belonging to the Hoffman estate. (Doc. No. 1, Ex. D1). These findings, while relevant and possibly tending to show that the Debtor acted with an intent to cause harm, could also be indicative of simple forgetfulness or ignorance – clearly nonculpable states of mind. Accordingly,

Lyle Hoffman, et al v. Kevin Wayne Anstead
Case No. 10-3094

the findings of the probate court are not conclusive as to the specific intent requirement of § 523(a)(2), § 523(a)(4) and § 523(a)(6).

Furthermore, based upon the counts raised in their complaint, the state court was not required to make a finding regarding the Debtor's state of mind in order to enter judgment in the Plaintiffs' favor. In their complaint against the Debtor in probate court, the Plaintiffs brought three actions: (1) one for conversion; (2) another action for unjust enrichment; and (3) a complaint to recover probate property pursuant to O.R.C. § 2109.50 *et seq*. There is nothing, however, inherent in the nature of these actions which would necessitate an implicit finding by the probate court that the Debtor acted with the requisite culpable intent to sustain a complaint to determine dischargeability brought under either § 523(a)(2), § 523(a)(4) or § 523(a)(6).

First, the scienter requirement of § 523(a)(2), § 523(a)(4) and § 523(a)(6) necessitates a showing that the debtor acted with the specific intent to cause harm. *Kimco Leasing v. Wilson (In re Wilson)*, 383 B.R. 678, 681 (Bankr. N.D.Ohio 2007). By comparison, the tort of conversion, as raised in the first count of the Plaintiffs' complaint, is a general intent offense, meaning that only the act, but not necessarily the injury, needs to be intentional. *See* 18 OHIO J UR. 3d Conversion and Replevin § 3. It is, thus, recognized that "not every tort judgment for conversion is exempt from discharge."*Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Similarly, a claim for "unjust enrichment" is not at all defined by reference to a person's intentions, but is rather defined in terms of the effect a person's actions had on another. Specifically, a claim for "unjust enrichment" is defined as "the retention of money or benefits by one person that, in justice and equity, belong to another." *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App. 3d 849, 858, 919 N.E.2d 260, 267 (7th Dist. 2009). Finally, concerning their last count, it has been held that, although it may have attributes of an intentional tort, scienter is not a necessary element to sustain

Page 6

Lyle Hoffman, et al v. Kevin Wayne Anstead
Case No. 10-3094

an action brought under O.R.C. § 2109.50 to recover property belonging to a probate estate. *In re Estate of Popp*, 94 Ohio App.3d 640, 641 N.E.2d 739 (8th Dist.1994).

The same analysis substantially follows to the second judgment rendered against the Debtor by the probate court. This judgment was for the sum of $4,346.50 and was entered pursuant to O.R.C. § 2323.51 as a sanction against the Debtor for his frivolous conduct. (Doc. No. 1, Ex. E.). In the judgment, the probate court found that the "Plaintiffs were adversely affected by the frivolous acts of" the Debtor. *Id*. As the basis for this finding, the probate court cited three frivolous acts: (1) the Debtor's pursuit of a claim against the Plaintiffs for intentional infliction of emotional distress; (2) the Debtor's failure to attend a scheduled deposition; and (3) the Debtor's Motion for a new trial. *Id*.

Sanctions awarded to a party in a prior proceeding based upon a debtor's frivolous conduct often serves as the basis to collaterally estop a debtor from litigating any issue regarding the dischargeability of the award in bankruptcy. *See, e.g., Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264 (5th Cir.2005) (award of sanctions for intentionally pursuing meritless litigation was nondischargeable debt). Yet, similar to the tort of conversion, *supra*, this is not an absolute, so that the doctrine of collateral estoppel will not necessarily apply to preclude a debtor from litigating matters pertaining to the dischargeability of an award of sanctions entered against him in a prior proceeding. *In re Wrenn*, 791 F.2d 1542, 1543-44 (11th Cir. 1986) (frivolous lawsuit is not necessarily wrongful for purposes of 11 U.S.C. § 523(a)(6)). Instead, the salient issue, as always, regarding the application of the doctrine of collateral estoppel is whether the issue sought to be barred from litigation is identical to the issue actually litigated in the prior suit.

Here, this necessary showing has not been demonstrated, with neither the findings made by the probate court, nor the statute upon which the probate court based its award of sanctions, lending

Page 7

themselves to a definitive conclusion that the issue sought to be litigated in this adversary, concerning the Debtor's intent, is identical to the issue decided by the probate court.

First, and as was the situation with the first judgment, the second judgment rendered by the probate court for sanctions only went so far as to find that the Debtor's actions were frivolous for purposes of O.R.C. § 2323.51, and that the "Plaintiffs were adversely affected by the frivolous acts of" the Debtor. (Doc. No. 1, Ex. E.). No specific finding, however, was made by the court concerning the Debtor's subjective intent. Also, like with the first judgment, the state court was not required to make a finding regarding the Debtor's state of mind in order to impose sanctions.

The provision of Ohio law, O.R.C. § 2323.51, upon which the probate court based its award of sanctions, defines "frivolous conduct" to encompass any of the following situations:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

O.R.C. § 2323.51(A)(2)(a). With the possible exception of the first ground, as contain in subparagraph (i), the latter three grounds warranting the imposition of sanctions under this provision

do not require a finding by a court that the litigant acted with the specific intent to cause harm – the *sine qua non* of the Plaintiff's complaint to determine dischargeability. In the instant case, therefore, since the probate court did not specify what particular conduct under O.R.C. § 2323.51(A)(2)(a) gave rise to its award of sanctions, reasonable doubt exists that the probate court made an actual finding regarding the Debtor's specific intent to cause harm to the Plaintiffs.

For all these reasons, the Court finds that the issue of the Debtor's specific intent to cause harm to the Plaintiffs has not been actually litigated, thereby precluding the entry of summary judgment in the Plaintiffs' favor. Based on this decision, and based upon the Court having contemporaneous with the entry of this decision granted the Motion of Debtor's Counsel to Withdraw as Attorney of Record, the Court finds that this matter should be set for a further pretrial. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Plaintiffs' Motion for Summary Judgment, be, and is hereby, DENIED.

***IT IS FURTHER ORDERED*** that a continued PreTrial is hereby set for Wednesday, October 13, 2010, at 2:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

Dated: September 3, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 3rd day of September 2010 to:

Kevin Wayne Anstead
740 County Road 212, Lot 144
Fremont, OH 43420-8410

Timothy B. Pettorini
P.O. Box 599
Wooster, OH 44691

Lyle Hoffman
27511 State Route 58
Wellington, OH 44090-9019

Mark Hoffman
27511 State Route 58
Wellington, OH 44090-9019

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court
